No. 10–0319/MC. U.S. v. Nathan M. Robinson. CCA 200800827. On further consideration of the granted issue, 69 M.J. 168 (C.A.A.F. 2010), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the granted issue in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 10–0668. U.S. v. Jerrod D. Nutt. CCA S31600. On further consideration of the granted issues, 69 M.J. 271–72 (C.A.A.F. 2010), and the briefs of the parties, it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issues in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memorandum and specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).